Mr. Justice Mott
delivered the opinion oí the court.
There are two questions submitted to the consideration of the court in this case :
1st. Whether the variance between the writ and declaration is fatal to the plaintiff’s action l
2d. Whether the defendant can take advantage of it by special demurrer l
The practice of our courts is now so well established that it is unnecessary to trace up the English practice through all the legal fictions and changes which it has undergone to ascertain what it now is. ’ And with the press of business under which we are laboring, we have no time to devote to fruitless and unprofitable research. I would, however, observe, that in Chitty on Pleading, it is said that “ at a very early period, specific forms of action were provided for such injuries as had then most usually occurred and that “ when a prescribed form is found in the register, the proceedings should not materially yary from it, unless in those cases where another form of action has long been sanctioned by visage: for the courts consider it of the *212 greatest importance to observe the boundaries of the different actions, not only in respect of their being most logically framed, and best adapted to the nature of each particular case j but also, inorder that causes may not be brought into court confusedly and immethodically, and that the record may at onde clearly ascertain the matter in dispute.— (1 Chitty, 85, 86.) And again, the same author says, the first requisites of a declaration are, “ that it correspond with the process.” (Do. 247-8.) And Judge Blackstone defines a declaration to be “ an amplification or ex - position of the original writ.” (Vol. 3, 393.) Chitty, however, says,'1 that the proceedings'will not be set aside merely on account of'a yariance in the cause of action, and therefore the only consequence of the mistake is, that the plaintiff loses the security of the bail. But this' does appear to me so inconsistent with the reasqn and philosophy of the law as before laid down, that I am glad the long established and uniform practice of our courts will not now permit us to follow it. It has always been the practice to set out the general nature of the writ in the declaration, and any substantial variance has always been held fatal.— The various acts of the legislature regulating the proceedings of our courts, would now render any other practice inconvenient and impracticable.
I believe the most Usual'way has been to take advantage of the error by pleading the variance'in abatement. ' But I still think the demurrer may 'be supported. Formerly when the whole-writ was set out in the declaration, the defendant might take advantage of a variance between them, by motion in arrest of judgment, writ of error, plea in abatement or demurrer. But since the practice is introduced of only setting out the substance of the writ in the declaration, if the party will take advantage of such a variance he must crave-oyer of the writ; and shew it to the court. (Hole vs. Finch, 2 Wilson, 393.) But the writ here spoken of, is what in England is called the original writ, which is not in the law'court, but' remains in the Court of Chancery, from whence it issued, ■ The capias which is *213 Mir original process, is a mesne process, of which he can pot crave oyer in England, and which is considered at an end as soon as the defendant appears, and is in court, (2 Wilson, 393-4-5. Cro. Eliz. 185, 198, 829.) Here he is under no necessity to crave oyer of the writ, for the purpose of exhibiting it to the court; because it is already in court, and constitutes a part of the record. He need not do it for the purpose of discovering the variance, because the plaintiff is bound to furnish him with a true copy when the writ is served. The only case which occurs to me in which he is under the necessity of craving oyer of the writ is, when he wishes to shew a variance between the original and the copy, and then he is entitled to it. Indeed, I have no doubt that he may, if he please, according to the practice of our courts, crave oyer of the writ at any time, and for any purpose, before he has appeared to the action, or even before he has pleaded to the declaration.
Bauskett, for the motion.
Cl Neal, contra.
The motion is granted.
Justices Johnson, Richardson and Huger, concurred